WILLIAM A. ELWOOD, PLAINTIFF IN ERROR, v. MAY BROS. ET AL., DEFENDANTS IN ERROR.

Debtor and Creditor: INSOLVENT DEBTOR: PAYMENT. A creditor of an insolvent debtor may obtain from him payment in full of a *bona fide* debt, and such payment may be made in property, provided its fair value does not exceed the amount of the debt, and such creditor will not for that cause alone be chargeable with intending to delay or defraud the creditors of the debtor.

ERROR to the district court for Antelope county. Tried below before CRAWFORD, J.

*Uttley & Benedict,* for plaintiff in error.

*E. F. Gray,* for defendants in error.

MAXWELL, J.

One D. L. Cramer was indebted to the defendants in error in the sum of $1,797.51. Cramer was doing business at Ewing, in Holt county. The above claims were placed in the hands of E. F. Gray, an attorney, for collection, with instructions if unable to obtain the money to purchase a sufficient amount of goods to pay these debts. Gray called upon Cramer and presented the claims, but was unable to obtain payment in money, and thereupon purchased sufficient goods of Cramer to satisfy the demands. The goods so purchased were immediately taken possession of by Mr. Gray, and as soon as convenient thereafter were shipped to Antelope county. There is a stipulation in the record that the claims of the defendants in error were *bona fide,* and the proof shows that the value of the goods received did not exceed the amount of the claims. A few days after this transaction, other creditors of Cramer brought actions against him and caused attachments to be issued therein, and the goods in question levied upon as

the goods of Cramer.   The defendants in error thereupon
brought an action of replevin to recover the goods, and on
the trial, "the plaintiffs and defendant waived a jury and
consented to a trial of this case to the court, and thereupon,
after hearing the evidence on behalf of the plaintiffs and
defendants, and the arguments of their respective attorneys,
and the court being fully advised in the premises, the court
does find that the sale to the plaintiffs (defendants in error)
of the goods mentioned in the petition herein was not fraud-
ulent as to other creditors of D. L. Cramer, within the
provisions of chapter thirty-two of the Compiled Statutes
of Nebraska of 1885, entitled 'Frauds;' and the court
does further find and conclude that said sale was not an
assignment, within the provisions of chapter six of the
Compiled Statutes of Nebraska of 1885, entitled 'Assign-
ments,' and is not void under that chapter; and the court
further finds that the sale of the property in controversy
to the plaintiffs, by D. L. Cramer, was not void under
section forty-two, chapter six, page seventy-nine of the
Compiled Statutes of Nebraska of 1885.   The court does
further find that the right of property and right of posses-
sion of the property mentioned and described in the peti-
tion and inventory herein, when this action was com-
menced, was in the plaintiffs, and does assess the plaintiffs'
damage for the illegal detention of the property at $60.
It is thereupon considered and adjudged by the court that
the plaintiffs, May Brothers, Osterman & Tremaine, Ar-
thur Truesdell, and Henry Fuhrman, do have and recover
of and from the defendant, William A. Elwood, the pos-
session of the property mentioned and described in the
petition and inventory herein, and $60, their damages for
the illegal detention of their property, so as aforesaid as-
sessed, and their costs taxed at $......."

The plaintiff in error thereupon filed a motion for a
new trial, which was overruled, and he now brings the
cause into this court by petition in error.

A creditor may obtain from a failing debtor payment in full of his claim, and he will not be chargeable upon that ground alone of seeking to defraud other creditors. Neither will the fact that the claim is paid in goods of no greater value than the amount of the claim, of itself, establish the fraudulent character of the transaction. So far as the testimony discloses, the defendants in error were paid in goods of value not exceeding the amount of their claims against Cramer. There is no testimony in the record tending to show the amount of Cramer's liabilities, and the entire amount of his assets; nor is there anything from which it can be inferred that he was insolvent, except the attachment cases under which the goods in controversy were levied upon. Upon this testimony we are asked to enter into a general discussion of our assignment law and its effect upon the distribution of the estate of an insolvent debtor. The question does not arise in this case, and a decision, if made upon that point, would have no binding force or effect, and we must therefore decline to consider it. There is no error apparent in the record, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.